## BROUSSARD vs. MALLET & AL.

APPEAL from the court of the fifth district, the judge of the sixth presiding.

Eloi Broussard sued Antoine Mallet and Gilbert Hebert, as makers of a promissory note *in solido*, for $394 48, dated June 7th, 1823. Gilbert Hebert answered separately and plead minority. He admitted he signed the note sued on, as the security of A. Mallet, but that at the time of signing he was a minor, under the age of 21 years; and also, that the contract for which this obligation was given, was prejudicial to his interests, and particularly so, as Mallet had become insolvent.

Proof was made, on the trial, of the allegations set up in the answer, and the defendant, Hebert, had judgment, and the note, as to him, was annulled and declared void, and his costs allowed him.

PORTER, J. delivered the opinion of the court. This is an action on a promissory note, to which minority was pleaded by the defendant *Hebert*. There was judgment in his favor in the court of the first instance, and the plaintiff appealed.

Proof of minority may be made by witnesses, who have known the minor from infancy.

Although the register of baptism is higher evidence of the age of a person, than proof by witnesses, yet the existence of the former will not be presumed—it must be positively proved, that such register does exist.

Neither the births, baptisms or deaths, are so universally recorded, as to enable the court to ground a legal presumption on the fact of their being so.

The obligation or contract of a minor is not *void* under the 93d article of the old civil code, page 76, but he cannot be required to pay more on such obligation, than the amount of one year of his revenue.

Judgment cannot be given in general terms against such mi-

West'n. District.
*Sept'r.* 1829.

BROUSSARD
*vs.*
MALLET & AL.

nor, but only a-gainst the move-ables; he cannot alienate his im-moveable pro-perty, without authority. Eman-cipated minors are here spoken of only.
Execution, is-suing on such judgment, shall not be levied on the immovables and slaves.

Two questions have been raised. The first is, whether legal evidence was given of the defendant being a minor. The second is, whether the court should not have rendered judgment against him for the amount of his annual revenue; he being emancipated, by marriage, at the time the obligation was executed.

The proof of minority was made by witnesses who had known the defendant from his infancy. The objection is, that the register of baptism would have been higher evidence. There is no doubt it would, if any such register existed, but none is proved, and we cannot presume it. In the case of *Dussau vs. De La Croix*, an objection was made against proving a man's death by parol testimony. The court said, that to sustain the objection, evidence should have been given, that every man's death was recorded, or the evidence of it reduced to writing. Neither births nor deaths are so universally recorded, as to enable the court to ground a legal presumption on the fact of their being so, and reject other testimony. 11 *Martin,* 788.

This note was executed under the empire of the old code. It has been contended, that

it is void, the provisions of that work, in relation to emancipated minors, limiting their authority to engagements, relative to the administration of estates: and that this was not a case of that description, the minor having in reality signed the obligation as surety, though on the face of the instrument he bound himself in solido. We think otherwise. The 93d article says, the minor cannot have restitution, or the plea of lesion, or want of use in regard to acts, relative to the administration of his property, nor in regard to *obligations* or *promises*, which do not exceed the amount of one year of his revenue. The latter clause was useless, if his powers were limited, as the appellee contends they are. *Lex neminem cogit ad vana.*

The same article of the code requires the engagement of the minor to be reduced to the amount of his annual revenue, if he has contracted several engagements to different creditors, each of which, taken separately, do not equal it. The same rule, we think, must govern, where he has entered into one which exceeds it. We have had doubt, whether by the word *revenue,* the legislature did not intend the amount of the income, after the sum,

BROUSSARD
vs.
MALLET & AL.

necessary to the support of the minor's family, was deducted; but further reflection and examination has satisfied us, that this idea is not well founded.

The obligation, in this case, is for $394 48. The revenue is proved to be from 50 to 60 bales of cotton, and about 40 barrels of corn. Taking the cotton to be worth $55, and calculating the value of the corn at 75 cents per barrel, the amount for which the defendant is responsible is $85. But judgment cannot be given against him, in general terms, for this sum. The 94th article of the civil code prohibits the minor from alienating his immovable property, without the authority of the judge and the consent of a family meeting. Under a judgment, which did not restrain and limit the execution to moveables, the defendant's real estate might be seized and sold, and thus that would be done, indirectly, which the law will not permit to be done directly.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed: and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant the sum of eighty-five dollars, with costs in both

courts: and it is further ordered, that the execution which may issue in this case, shall not be levied on the immovables or slaves of the defendant.

*Simon* for plaintiff, *Brownson* for defendant.